5 42 649

28

Exh A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VOLKSWAGEN AG, a German Corporation and VOLKSWAGEN of AMERICA, INC., a New Jersey corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>HAUTE DIGGITY DOG, LLC, a Nevada limited liability company,<br><br>          Defendant. | Case: 2:06-cv-12176<br>Assigned To: Hood, Denise Page<br>Referral Judge: Capel, Wallace<br>Filed: 05-11-2006 At 03:20 PM<br>CMP VOLKSWAGEN AG ET AL V. HAUTE DI<br>GGITY DOG (DA) |

## COMPLAINT

Plaintiffs Volkswagen AG and Volkswagen of America, Inc. (collectively "Volkswagen") complain of defendant Haute Diggity Dog, LLC, ("Defendant") as follows:

### SUBSTANCE OF THE ACTION

1.     This is a case of infringement of Volkswagen's trademark rights in the world-famous VW EMBLEM® and BEETLE® trademarks and in the distinctive shape and styling of the New BEETLE® automobile (collectively the "Volkswagen Trademarks"). Defendant's infringement arises out of its unauthorized use of the Volkswagen Trademarks in a dog toy formed in the distinctive shape of the New BEETLE® and bearing a counterfeit the registered VW EMBLEM® trademark with the letters "BW" for "BarksWaggin." A copy of Defendant's New BEETLE® toy compared to the Volkswagen Trademarks is set forth below:





Compare to United States Trademark Registration No. 2409675.







Logo on Barkswaggin toys.



Compare to United States Trademark Registration No. 1883332.

2.     Under the circumstances, consumers are likely to be confused as to whether Volkswagen has endorsed or licensed Defendant's New BEETLE® toy particularly where

2

Volkswagen has already entered this market by licensing several competitors of Defendant to manufacture and market toys incorporating the distinctive BEETLE® shape.

     3.     The market for licensing the use of the Volkswagen Trademarks on toys and other products is vibrant and lucrative, and Defendant is attempting to bypass the official licensing channel by misappropriating the goodwill that Volkswagen has developed in those marks. Consumer confusion (the touchstone of trademark infringement) is more than likely under these circumstances; it is virtually inevitable. Consumers can hardly be expected to distinguish between third parties that offer officially licensed Volkswagen products and others (like Defendant) that seek to misappropriate Volkswagen's goodwill without permission.

     4.     Defendant's New BEETLE® toy is a blatant violation of Volkswagen's rights under federal trademark law and under the common law. Volkswagen asserts claims for federal trademark and trade dress dilution, federal trademark infringement, false designation of origin or sponsorship, false advertising, and trade dress infringement under Sections 43(c), 32(1), and 43(a) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1125(c), 1114(1), and 1125(a) and trademark infringement under common law. Volkswagen seeks a permanent injunction preventing Defendant from using the distinctive Volkswagen Trademarks, along with an award of damages, treble damages, and Volkswagen's attorneys' fees and costs.

## THE PARTIES

     5.     Plaintiff Volkswagen AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Wolfsburg, Germany.

     6.     Plaintiff Volkswagen of America, Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business in Auburn Hills, Michigan.

7.      Defendant Haute Diggity Dog LLC is a limited liability corporation organized under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction of this action pursuant to:

(a)      Judicial Code, 28 U.S.C. § 1331, relating to "federal question" jurisdiction;

(b)      Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c)      Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d)      Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e)      Section 43(c) of the Lanham Act, 15 U.S.C., Section 1125(c), relating to dilution;

(f)      The Judicial Code, 28 U.S.C. § 1338(a), conferring on this Court jurisdiction over actions arising under federal trademark laws;

(g)      The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws"; and

4

(h)  The Judicial Code, 28 U.S.C. § 1367 providing for supplemental jurisdiction over the state law claims in this action.

9.  Defendant is subject to personal jurisdiction in this District because it has purposefully and knowingly marketed and sold its New BEETLE® toy to consumers in this District, and because it is well aware that plaintiff Volkswagen of America has its principal place of business here, so that the trademark injury protected under the Lanham Act was purposefully directed at plaintiffs in this District. Moreover, Defendant operates an interactive website at HAUTEDIGGITYDOG.COM that solicits and allows Michigan residents to order and purchase goods and services on the Internet. The operation of such a website subjects Defendant to personal jurisdiction in the State of Michigan. See e.g., Audi AG v. Izumi, 204 F.Supp.2d 1014 (E.D. Mich. 2002) (interactive website that allows Michigan residents to order products subjects defendant to personal jurisdiction in Michigan).

10.  Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS
### *Volkswagen's Trademark Rights*

11.  For many decades, Volkswagen has used the VW EMBLEM® and BEETLE® trademarks in connection with the sale, distribution, maintenance, service, and repair of automobiles and related products and services.

12.  Volkswagen owns several United States trademark registrations for the world-famous VW EMBLEM® and BEETLE® trademarks. These registrations are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of Volkswagen's exclusive ownership of the Volkswagen Trademarks. Moreover, as a result of Volkswagen's extensive investment in the VW EMBLEM® and BEETLE® trademarks, Volkswagen has developed

substantial goodwill in those marks, which have acquired secondary meaning by becoming associated in the minds of consumers with a single source.

13.    The VOLKSWAGEN® BEETLE® is among the most successful, and certainly the most recognizable and distinctive, of all vehicles ever produced. Volkswagen produced the Classic BEETLE® for over 60 years, selling over 21 million Classic BEETLE® vehicles to consumers. Volkswagen introduced the New BEETLE® in 1998. Since that time, Volkswagen has spent millions of dollars and has expended significant effort in advertising and promoting the New BEETLE® throughout the world. As a result of Volkswagen's constant advertising and expenditures, Volkswagen has established considerable goodwill associated with the New BEETLE®.

14.    Volkswagen has extensively advertised and publicized the New BEETLE® throughout the world. Volkswagen has obtained trademark registrations for the distinctive shape of the New BEETLE®. The distinctive design and shape of the New BEETLE® is immediately identifiable and exclusively associated by the general public with Volkswagen, and has thus acquired secondary meaning. Volkswagen has obtained registered trademarks in the design and styling of the New BEETLE®, as depicted below.



USPTO Registration No. 2568188

15.    The inherently distinctive and non-functional shape of the New BEETLE® has been owned and developed by Volkswagen since its inception. As the owner of the New

{55555\5\DT192861.DOC;1}

BEETLE® trade dress and of the goodwill associated with the New BEETLE®, Volkswagen has the right to use and to license the use of the trade dress of the New BEETLE®, and the right to enforce its trade dress and trademark rights in the New BEETLE® and in the other Volkswagen Trademarks.

16.     Volkswagen has used and has licensed the use of the trade dress of the New BEETLE® in numerous products, including toy cars and books.  The trade dress of the New BEETLE® has become an asset of substantial and inestimable worth to Volkswagen.  Licensed merchandise incorporating the New BEETLE® trade dress and other Volkswagen Trademarks includes (without limitation) a New BEETLE® toy car for Barbie® produced by Mattel®, and a New BEETLE® Hot Wheels® toy car produced by Mattel®, as depicted below:




New BEETLE® toy car for Barbie®      New BEETLE® Hot Wheels® toy car

17.     Volkswagen has used the Volkswagen Trademarks since long before the acts of Defendant complained of herein.  The Volkswagen Trademarks are famous and distinctive, and have come to be associated by the consuming public exclusively with the products marketed by Volkswagen.  The Volkswagen Trademarks are invaluable assets of substantial and inestimable worth to Volkswagen.

{55555\5\DT192861.DOC;1}

*Defendant's Infringement of Volkswagen's Trademark Rights*

18.     Subsequent to Volkswagen's development, use, and registration of the Volkswagen Trademarks, and without Volkswagen's consent, Defendant began using the Volkswagen Trademarks or confusingly similar variations of them in its business.

19.     Defendant is in no way affiliated with, authorized, or sponsored by Volkswagen and has no authority to use the Volkswagen Trademarks to identify its products, services, or goods it advertises, promotes, or sells.

20.     Defendant is in the business of selling the New BEETLE® toy in competition with similar products licensed and authorized by Volkswagen.   In marketing it products, Defendant has attempted to capitalize on and profit from the substantial goodwill that Volkswagen has developed in the Volkswagen Trademarks by utilizing the shape of the New BEETLE®. Defendant has further attempted to capitalize and profit on Volkswagen's goodwill by displaying the VW EMBLEM® and BEETLE® trademarks on the New BEETLE® toy with the letters "BW" for "BarksWaggin."

21.     Defendant's New BEETLE® toy with the letters "BW" for "BarksWaggin" creates a strong likelihood of consumer confusion.  Consumers who purchase New BEETLE® toy with the letters "BW" for "BarksWaggin" as well as potential consumers who see it depicted on the Internet, in stores, or in the hands of a consumer, cannot reasonably distinguish Defendant's New BEETLE® toy from other toys and books that are officially licensed by Volkswagen.

22.     Indeed, Defendant's New BEETLE® toy includes several other elements that combine to enhance the likelihood of consumer confusion as to Volkswagen's apparent endorsement or licensing of this product. For example, the front of Defendant's New BEETLE®

{55555\5\DT192861.DOC;1}

TOY bears a confusingly similar counterfeit of the world-famous VW EMBLEM®, as reproduced here:



Logo on Barkswaggin toys.



Compare to United States Trademark Registration No. 1883332.

23.     Defendant's use of the Volkswagen Trademarks in conjunction with the advertisement, promotion, and sale of Defendant's products and services constitutes a misappropriation of the Volkswagen Trademarks and associated goodwill, and is likely to cause potential purchasers of Defendant's products and services, as well as the public at large, to believe that Defendant's products are affiliated with, authorized, sponsored by, or endorsed by Volkswagen.     In addition, Defendant's wrongful use of the Volkswagen Trademarks or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the Volkswagen Trademarks.

24.     Defendant continues to use the Volkswagen Trademarks and/or intentionally similar versions thereof with actual knowledge of Volkswagen's prior adoption and use of the Volkswagen Trademarks.  Defendant has carried out and continues to carry out such acts with the intent to mislead and deceive consumers and the public in general.  In so doing, Defendant has caused irreparable damage to the Volkswagen Trademarks and to the goodwill of Volkswagen in the Volkswagen Trademarks.

25.     Volkswagen exercises great care and exerts substantial effort to control the nature and quality of the goods and services provided under the Volkswagen Trademarks, including the

9

toys it licenses using the distinctive trade dress of the New BEETLE®. Defendant is in no way subject to any of the quality-control procedures or mechanisms employed by Volkswagen, despite the appearance that Defendant's New BEETLE® toy with the letters "BW" for "BarksWaggin" gives to consumers that it is an officially licensed product.

### *Volkswagen's Demands that Defendant Cease and Desist from Further Infringement*

26.     When Volkswagen learned of Defendant's misappropriation and infringement of the Volkswagen Trademarks in 2006, Volkswagen sent a cease and desist letter to Defendant demanding that it immediately cease and desist from any further infringement of the Volkswagen Trademarks. A true and correct copy of the Cease and Desist Letter is attached hereto as Exhibit A.

27.     Despite Volkswagen's demands, Defendant has continued to advertise and sell Defendant's New BEETLE® toy, and has refused to accede to Volkswagen's cease and desist request.

### **FIRST CLAIM FOR RELIEF** Error! Bookmark not defined.
(FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)

28.     Volkswagen realleges and incorporates herein the allegations above.

29.     Volkswagen has demanded that Defendant refrain from the use of the Volkswagen Trademarks and counterfeits of the Volkswagen Trademarks as described above. Despite Volkswagen's well-known prior rights in the Volkswagen Trademarks, Defendant has used and continues to use, without Volkswagen's authorization, the Volkswagen Trademarks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the advertisement, promotion, and sale of Defendant's products and services.

30.     Defendant's misappropriation of the Volkswagen Trademarks is likely to cause potential purchasers of Defendant's products and services, as well as the public at large, to

believe that Defendant's products are affiliated with, authorized, sponsored by, or endorsed by Volkswagen.

31.     Defendant's actions constitute willful infringement of Volkswagen's exclusive rights in the Volkswagen Trademarks in violation of 15 U.S.C. § 1114.

32.     Defendant's use of the Volkswagen Trademarks, or of counterfeits, copies, reproductions, or colorable imitations thereof, has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Defendant's products and services.  Defendant has used counterfeits of the Volkswagen Trademarks in connection with its products with the knowledge that the marks are counterfeits and with the intent to use counterfeits.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

33.     As a direct and proximate result of Defendant's conduct, Volkswagen has suffered irreparable harm to the valuable Volkswagen Trademarks.  Unless Defendant is restrained from further infringement of the Volkswagen Trademarks, Volkswagen will continue to be irreparably harmed.

34.     Volkswagen has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

35.     As a direct and proximate result of Defendant's conduct, Volkswagen has suffered damages to the valuable Volkswagen Trademarks and trade dress, and other damages in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a))

36.     Volkswagen realleges and incorporates herein the allegations above.

11

37. Defendant has knowingly misappropriated the Volkswagen Trademarks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendant manufactures, advertises, promotes, and sells. Defendant has used counterfeits of the Volkswagen Trademarks and trade dress knowing that the marks used are counterfeits and with the intent to use counterfeits of the Volkswagen Trademarks. Defendant's actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

38. Defendant's use of the Volkswagen Trademarks alleged above is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's services and products, and is likely to cause such people to believe in error that Defendant's products and services have been authorized, sponsored, approved, endorsed, or licensed by Volkswagen or that Defendant is in some way affiliated with Volkswagen.

39. Defendant's acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods, and constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

40. By reason of Defendant's actions, Volkswagen has suffered irreparable harm to the valuable Volkswagen Trademarks. Unless Defendant is restrained from its actions, Volkswagen will continue to be irreparably harmed.

41. Volkswagen has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue.

42.     As a direct and proximate result of Defendant's conduct, Volkswagen has suffered damages to the valuable Volkswagen Trademarks, and other damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
(TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. § 1125(c))

43.     Volkswagen realleges and incorporates herein the allegations above.

44.     The Volkswagen Trademarks have become famous and distinctive worldwide through Volkswagen's continuous and exclusive use of the Volkswagen Trademarks in connection with Volkswagen's products and services.

45.     Because Volkswagen products and services have gained a reputation for superior quality, durability, and performance, the Volkswagen Trademarks have gained substantial renown and have become famous.

46.     Defendant has willfully and intentionally misappropriates and continues to misappropriate the Volkswagen Trademarks, and counterfeits thereof, in connection with the advertisement, promotion, and sale of Defendant's products and services.

47.     Defendant's misappropriation of the Volkswagen Trademarks and trade dress, and counterfeits thereof, has caused and continues to cause irreparable injury to and dilution of the Volkswagen Trademarks' distinctive quality in violation of Volkswagen's rights under 15 U.S.C. § 1125(c). Defendant's wrongful misappropriation of the Volkswagen Trademarks actually dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Volkswagen Trademarks.

48.     Defendant has misappropriated and continues to misappropriate the Volkswagen Trademarks or counterfeits thereof, willfully and with the intent to dilute the Volkswagen Trademarks, and with the intent to trade on the reputation and goodwill associated with the Volkswagen Trademarks.

{55555\5\DT192861.DOC;1}

49.     As a direct and proximate result of Defendant's conduct, Volkswagen has suffered irreparable harm to the valuable Volkswagen Trademarks.

50.     Unless Defendant is enjoined, the valuable Volkswagen Trademarks will continue to be irreparably harmed and diluted.  Volkswagen has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's actions are allowed to continue.

51.     Defendant has misappropriated and continues to misappropriate the Volkswagen Trademarks, trade dress, or counterfeits thereof, willfully and with the intent to dilute the Volkswagen Trademarks, and with the intent to trade on the reputation and goodwill of Volkswagen and of the Volkswagen Trademarks.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 111(a).

52.     As a direct and proximate result of Defendant's conduct, Volkswagen has suffered damages to the valuable Volkswagen Trademarks, and other damages in an amount to be proved at trial.

**FOURTH CLAIM FOR RELIEF**
(COMMON LAW TRADEMARK INFRINGEMENT)

53.     Volkswagen realleges and incorporates herein the allegations above.

54.     Volkswagen was the first to use the Volkswagen Trademarks or any marks similar thereto in association with the sale of any product and service.  As a result of the continued sale by Volkswagen, the Volkswagen Trademarks have become widely known and Volkswagen has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Volkswagen Trademarks are applied.

55.     As a result of the experience, care, and service of Volkswagen in producing Volkswagen products and services, Volkswagen's products and services have become widely

14

known and have acquired a world-wide reputation for quality, durability, and performance. Moreover, the Volkswagen Trademarks have become associated with Volkswagen products and services, and have come to symbolize the reputation for quality and excellence of Volkswagen products and services. Accordingly, the Volkswagen Trademarks have become distinctive.

56.     Defendant, with knowledge of and with intentional disregard of Volkswagen's rights, continues to advertise, promote, and sell services and products using the Volkswagen Trademarks or counterfeits and confusing imitations thereof. Such acts by Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Defendant's products and services.

57.     Defendant's acts constitute willful infringement of Volkswagen's exclusive rights in the Volkswagen Trademarks, in violation of the common law

58.     By reason of Defendant's actions, Volkswagen has suffered irreparable harm to the valuable Volkswagen Trademarks. Unless Defendant is restrained from further infringement of the Volkswagen Trademarks, Volkswagen will continue to suffer irreparable harm.

59.     Volkswagen has no remedy at law that will adequately compensate it for the irreparable harm it will suffer if Defendant's conduct is allowed to continue.

60.     As a direct and proximate result of Defendant's conduct, Volkswagen has suffered damages to the valuable Volkswagen Trademarks and trade dress, and other damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Volkswagen prays for judgment against Defendant as follows:

1.     Under all claims for relief, that a permanent injunction be issued enjoining Defendant, its employees, agents, successors and assigns, and all those in active concert and

participation with it, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)     imitating, copying, or making unauthorized use of any of the Volkswagen Trademarks or trade dress;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the Volkswagen Trademarks or trade dress, including without limitation Defendant's New BEETLE® toy;

(c)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Volkswagen Trademarks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)     using any false designation of origin or false description (including, without limitation, any letters or symbols constituting the Volkswagen Trademarks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant is in any manner associated or connected with Volkswagen or the Volkswagen Trademarks, or is sold, manufactured, licensed, sponsored, approved or authorized by Volkswagen;

(e)     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing a design or mark substantially identical to any or all of the Volkswagen Trademarks or trade dress;

(f)  engaging in any other activity constituting unfair competition with Volkswagen with respect to the Volkswagen Trademarks, or constituting an infringement of any or all of the Volkswagen Trademarks, or of Volkswagen's rights in, or to use or exploit, any or all of the Volkswagen Trademarks; and

(g)  instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.  For an order directing that Defendant deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in its possession or under its control, bearing or using any or all of the Volkswagen Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

3.  For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is authorized by Volkswagen or related in any way to Volkswagen's products or services.

4.  For an order directing that Defendant file with the Court and serve upon Volkswagen's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the above.

5.  For an order permitting Volkswagen, and/or auditors for Volkswagen, to audit and inspect the books and records of Defendant for a period of six months after entry of final relief in this matter to determine the scope of Defendant's past use of the Volkswagen

{55555\5\DT192861.DOC;1}

Trademarks, including all revenues and sales related to Defendant's use of the Volkswagen Trademarks, as well as Defendant's compliance with orders of this Court.

6.      For an award of Volkswagen's costs and disbursements incurred in this action, including Volkswagen's reasonable attorneys' fees.

7.      For an award of Volkswagen's damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus Volkswagen's costs and attorneys fees, pursuant to 15 U.S.C. § 1117.

8.      For an award of Volkswagen's damages arising out of Defendant's acts.

9.      For an order requiring Defendant to file with the Court and provide to Volkswagen an accounting of all sales and profits realized by Defendant through the use of the Volkswagen Trademarks and any counterfeits thereof.

10.      For an award of interest, including pre-judgment interest on the foregoing sums.

11.      For such other and further relief as the Court may deem just and proper.

Dated: May 11, 2006

*Edward C. Cutlip, Jr.*

Edward C. Cutlip, Jr. (P35836)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
(313) 961-0200

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
Thomas R. Lee, Of Counsel
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

Attorneys for Volkswagen AG and Volkswagen
of America, Inc.

LAW OFFICES
# HOWARD, PHILLIPS & ANDERSEN
*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS
Direct Dial: (801) 366-7707
E-Mail: gdp@hpalaw.com

560 East 200 South, Suite 300
Salt Lake City, UT 84102

Telephone: (801) 366-7471
Facsimile: (801) 366-7706

April 13, 2006

**VIA E-MAIL (vdauernheim@yahoo.com)**
**VIA REGULAR MAIL**

Haute Diggity Dog
Attn: Victoria Dauernheim
187 Ebb Tide Circle
Las Vegas, NV 89123

> Re: **HAUTEDIGGITYDOG.COM** --Your Production/Sales of Counterfeit
> Volkswagen Products

Dear Ms. Dauernheim:

This law firm represents Volkswagen of America, Inc. ("VWoA") in trademark enforcement actions and in trademark litigation. VWoA is a subsidiary of and the exclusive U.S. importer of cars manufactured by Volkswagen AG and, as such, VWoA is charged with protecting the trademarks associated with those cars. VWoA and Volkswagen AG are hereinafter collectively referred to as "VW."

VW takes policing and enforcement of their trademark rights very seriously, and has recently obtained preliminary and permanent injunctions against infringers who market and sell counterfeit Volkswagen trademarks without authorization. VW has also cooperated with law enforcement in obtaining felony counterfeiting convictions against counterfeiters of the VW trademarks. State of California v. Lee, et al., BA274850, 2005 LA Criminal Division (three felony convictions and restitution of $5,000.00 for counterfeit VW and Audi baseball caps).

Recently it has come to the attention of VW that you are infringing upon VW's intellectual property rights by manufacturing and/or selling **dog toys and dog beds** bearing the distinctive shape of the New VOLKSWAGEN® BEETLE®, a variation of the VOLKSWAGEN® trademark and/or the VOLKSWAGEN EMBLEM® without authorization. VOLKSWAGEN® and the VW EMBLEM® are duly registered trademarks in the United States that belong to VW. Use of these trademarks, **or any confusingly similar variations thereof**, without the express, written consent of VW, violates state and federal law, is misleading to the public, and constitutes a misappropriation of the goodwill and reputation developed by VW. Images of your products are shown below for your review.

HAUTEDIGGITYDOG.COM
April 13, 2006
Page 2





Compare to United States Trademark Registration No. 2409675.





Logo on your Barkswaggin toys.



Compare to United States Trademark
Registration No. 1883332.

HAUTEDIGGITYDOG.COM
April 13, 2006
Page 3


First, the law is well settled that automobile manufacturers have protectable trade dress rights in the distinctive shapes of their automobiles.  See, e.g., Liquid Glass Enterprises, Inc., v. Dr. Ing. h.c.F. Porsche AG and Porsche Cars North America, Inc., 8 F.Supp.2d 398, 402  (D.N.J. 1998).  See also,  Ferrari S.P.A. Esercizio v. Roberts, 944 F.2d 1235, 1240 (6th Cir. 1991), cert. denied 505 U.S. 1219, 112 S.Ct. 3028 (1992) ("[T]he unique exterior design and shape of the Ferrari vehicles are their 'mark' or 'trade dress' which distinguish the vehicles' exterior shapes not simply as distinctively attractive designs, but as Ferrari creations"); Chrysler Corp. v. Silva, 118 F.3d 56, 58-59 (1st Cir. 1997) (trade dress of Dodge Viper protectable).  Volkswagenwerk Aktiengesellschaft v. Rickard, 492 F.2d 474 (5th Cir. 1974) (affirming injunction barring, among other things, defendant service shop's use of "any silhouette, picture, caricature, or reproduction of the shape or appearance of the Volkswagen sedan"). Volkswagenwerk v. Smith, 471 F.Supp.385 (D.C.N.M. 1979) ("For many years the Volkswagen Silhouette has been synonymous in meaning with 'Volkswagen.'")

More specifically, numerous courts have recognized that VW has extensive trade dress rights in the distinctive shape of the Classic VOLKSWAGEN® BEETLE®.  For example, in Volkswagenwerk v. Smith, the court found:

"The long standing and distinctive shape of this Volkswagen sedan has caused the American public to identify the shape and the outline and picture of the shape of this automobile ("the Volkswagen Silhouette") with VWAG and with the products and services sold by the authorized Volkswagen network. For many years the Volkswagen Silhouette has been synonymous in meaning with 'Volkswagen.'" 471 F.Supp.385 (D.C.N.M. 1979).

VW produced the Classic VOLKSWAGEN® BEETLE® or automobile for nearly 70 years, and produced more than 21 million Classic BEETLE® vehicles.  When the production of the Classic VOLKSWAGEN® BEETLE® ceased in 2003, the story made international headlines.  As recently stated by the Washington Post, the Classic VOLKWAGEN® BEETLE® is "the most popular car ever made[1]."  The long-standing fame and reputation of the Classic VOLKSWAGEN® BEETLE®, together with the recognition by numerous courts of VW's extensive rights in the distinctive shape and styling of the Classic VOLKSWAGEN® BEETLE® conclusively show that the trade dress of the Classic VOLKSWAGEN® BEETLE® has acquired secondary meaning.

Second, the law is well-established that you may not place counterfeits of the Volkswagen trademarks on your products, and/or sell products manufactured by others that bear counterfeits of the Volkswagen trademarks. Ford Motor Company v. Lloyd Design Corp., 184

---

[1] Kevin Sullivan, *Love for the Bug Runs Out; VW to Close Last Classic Beetle Assembly Line*, THE WASHINGTON POST., June 23, 2003.

HAUTEDIGGITYDOG.COM
April 13, 2006
Page 4

F.Supp.2d 665, 667 (E.D.Mich. 2002) (permanently enjoining the use of counterfeits of various Ford, Jaguar, and Aston Martin trademarks on floor mats, and granting Ford its attorneys' fees and costs because of "Defendant's flagrant disregard for Plaintiffs' trademark rights."). VW cannot tolerate counterfeiting and infringement of its protected trademarks.

Your selection of VW's distinctive trademarks and trade dress can only lead to the conclusion that you are attempting to capitalize on and profit from the goodwill and reputation of VW by misappropriating VW's registered trademarks and trade dress in your products.

So that VW may assess what damages it has suffered as a result of your sale of products using VW's trademarks and trade dress, please provide the following information no later than **April 27, 2006**:

1) The number of infringing products set forth by item sold or distributed bearing VW's trademarks or trade dress;

2) The gross revenue received from the sale of such infringing products set forth by item;

3) The time period during which such products have been offered and sold;

4) The names and addresses of all non-retail purchasers of the products and the number of each product listed by item purchased by each such purchaser; and

5) The names and addresses of any suppliers of the infringing products or images, and which product each supplier supplies.

VW further demands that you turn over to VW for destruction all unsold counterfeit products no later than **April 27, 2006**, and that you pay VW damages in the amount of twenty five percent (25%) of the gross revenues from the sales of any infringing products using VW's trademarks or trade dress for the past five years, or $5,000.00, whichever is greater.

By no later than **April 27, 2006**, please have the appropriate officer at your company sign and return a copy of the below attached agreement indicating your agreement to cease and desist your infringement and dilution of VW's trademarks and trade dress, and to pay VW reasonable damages. Failure to sign and return this letter will be viewed as a willful violation of the trademark laws, and will constitute grounds for seeking all available damages, including punitive damages and attorneys' fees.

You may be infringing or diluting VW's trademarks or trade dress in ways other than those set forth above. The list set forth above is not intended to be comprehensive, and VWoA reserves the right to bring to your attention other matters that VWoA believes infringe or dilute its trademarks and trade dress, or constitute false advertisement.

HAUTEDIGGITYDOG.COM
April 13, 2006
Page 5


     This letter is without prejudice to all rights of VWoA, including past or future royalties, past or future damages, attorneys' fees, and to bring enforcement actions for all past or future infringement, dilution, unauthorized uses, or false advertisement.

     Should you have any questions concerning VWoA's position in this matter, please do not hesitate to contact me.

                        Very truly yours,

**Gregory D. Phillips**

GDP:jpe
cc:     Volkswagen of America

HAUTEDIGGITYDOG.COM
April 13, 2006
Page 6

## AGREEMENT

By execution of this Agreement, the undersigned agrees immediately to cease and desist from all unauthorized uses of Volkswagen intellectual property, including Volkswagen copyrighted material and trademarks, in her products, services, advertisements, promotional literature, promotional telecasts, broadcasts, and signage, on the Internet, or otherwise, in connection with the advertisement or sale of any product, part, good, or service.

Specifically, by way of illustration and without limiting the general agreement expressed above, the undersigned agrees that he will

    (1)    immediately cease the unauthorized manufacture, advertisement, and sale of any product displaying or incorporating trademarks or trade dress owned by Volkswagen.

    (2)    immediately turn over to Volkswagen for destruction all unauthorized products, packaging, labels, and products displaying or incorporating trademarks owned by Volkswagen or using or bearing any Volkswagen trademark or trade dress.

    (3)    provide the following information by no later than **April 27, 2006**:

        a)    The number of products set forth by item sold or distributed displaying or incorporating trademarks or trade dress owned by Volkswagen or using or bearing any Volkswagen trademark;

        b)    The gross revenue received from the sale of such products set forth by item;

        c)    The time period during which such products have been offered or sold;

        d)    The names and addresses of all **non-retail purchasers** of such products and the number of each product listed by item purchased by each such purchaser; and

        e)    The names and addresses of any suppliers of the products and which product each supplier supplies.

    (4)    by no later than **April 27, 2006**, pay Volkswagen by cashier's check damages equal to twenty-five percent (25%) of the gross revenues received from the sales of any products displaying or incorporating trademarks or trade dress owned by Volkswagen or any products using or bearing any Volkswagen trademark for the past five years, or $5,000.00, whichever is greater.

HAUTEDIGGITYDOG.COM
April 13, 2006
Page 7

The undersigned further agrees and acknowledges that any violation or breach of this Agreement will cause irreparable harm to Volkswagen, and that Volkswagen will be entitled to both a preliminary and permanent injunction against the undersigned for any violation of this Agreement, as well as any other remedy allowed by law.  The undersigned further agrees that if he breaches this Agreement, he will pay $10,000.00 as liquidated damages and all costs incurred by Volkswagen in enforcing this Agreement, including reasonable attorney's fees, whether incurred with or without suit or before or after judgment.

**AGREED TO:**

**HAUTEDIGGITYDOG.COM**

_____
(Signature)

By: _____
(Print Name)

Title: _____
(Print Title)

Date: _____

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: OAKLAND

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| VOLKSWAGEN AG, a German corporation, and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation | HAUTE DIGGITY DOG, LLC, a Nevada limited liability company, |

(b) County of Residence of First Listed Plaintiff OAKLAND

County of Residence of First Listed Defendant _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(C) Attorneys (Firm Name, Address, and Telephone Number)
Edward C. Cutlip, Jr. (P35836)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200

Att _____
Case: 2:06-cv-12176
Assigned To: Hood, Denise Page
Referral Judge: Capel, Wallace
Filed: 05-11-2006 At 03:20 PM
CMP VOLKSWAGEN AG ET AL V. HAUTE DI
GGITY DOG (DA)

## II. BASIS OF JURISDICTION (Place An "X" In One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" In One Box For Plaintiff

(For Diversity Cases Only) and One Box For Defendant)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | Of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 180 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place An "X" In One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite The Us Civil Statute Under Which You Are Filing And Write A Brief Statement Of Cause.
Do Not Cite Jurisdictional Statues Unless Diversity)

Trademark infringement, trademark dilution, under the Lanham Act, 15 U.S.C. §§114 and 1125 et seq. and common law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint.
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____ DOCKET NUMBER _____

DATE
MAY 11, 2006

SIGNATURE OF ATTORNEY OF RECORD
*Edward C. Cutlip, Jr.*
Edward C. Cutlip, Jr. (P35836)

NT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                ☒ No

          If yes, give the following information:

          Court: _____

          Case No.: _____

          Judge: _____


2.        Other than stated above, are there any pending or previously          ☐ Yes
          discontinued or dismissed companion cases in this or any other        ☒ No
          court, including state court?  (Companion cases are matters in which
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

          If yes, give the following information:

          Court: _____

          Case No.: _____

          Judge: